UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BURRELL CLARK,

        Plaintiff,                           Case. No. 2:20-cv-12894

v.                                         Hon. Nancy G. Edmunds

WARDEN WILLIE CHAPMAN, et al.,

        Defendants.
_____/

**OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL**

Plaintiff Burrell Clark, currently confined at the Macomb Correctional Facility in Lenox Township, Michigan, filed this *pro se* civil rights complaint against five Michigan Department of Corrections employees in their official and individual capacities. Plaintiff alleges Defendants violated his constitutional rights by terminating his prison work assignment because he refused to work without personal protective equipment in areas where he might be exposed to the COVID-19 virus and because of his use of the grievance process, and that Defendants were deliberately indifferent to the workplace hazards presented by the virus.

The Court granted Plaintiff's application to proceed without prepaying fees or costs. (ECF No. 5.) As explained further below, the Court will dismiss Defendant Chapman as well as Plaintiff's claim Defendants retaliated against him for conduct not protected by the First Amendment.

**I.    BACKGROUND**

Plaintiff Clark has sued four corrections officers, Ms. Brown, Mr. Maul, Ms. Patton, and Mr. Fernette (all first names unknown); and the warden of Macomb Correctional

Facility, Willis Chapman. Plaintiff was assigned to perform the duties of a Prisoner Observation Aide (P.O.A.). (Complaint, ECF No. 1, PageID.9, 23.) He states that on May 10, 2020, Defendant Brown told him to report to segregation, which was a Covid-19 area. (*Id.* at PageID.7.) Plaintiff declined to enter that area because he was not issued any personal protective equipment (PPE). Plaintiff was sent back to his unit and not allowed to work in any other area. (*Id.*)

On May 14, he again reported to the control center for assignment. Defendant Maul told Plaintiff that if he refused again, it would be "logged in the books." (*Id.*) Plaintiff refused the assignment over potential Covid-19 exposure and was again ordered back to his housing unit. He states that he was not allowed to work because he refused to work in a poorly ventilated area, where officers assigned to that unit had contracted the virus. (*Id.*) Plaintiff asserts that corrections officers cross-contaminated the areas by serving food trays in both Covid and non-Covid sections. (*Id.* at PageID.7, 27.)

On May 18, 2020, Defendant Maul told C.O. Marcus to inform Plaintiff that he was "laid in" from his POA assignment, and Plaintiff wrote a grievance against him. (*Id.* at PageID.7, 20.) Plaintiff worked on May 17, and again on June 28, 2020, but did not work in between those dates. (*Id.* at PageID.20, 22.)

Plaintiff spoke to and corresponded with Defendant Patton, informing her of his concerns regarding the risk of Covid-19 and asking whether he could refuse to work because of the risk. (*Id.* at PageID.26-30.) On July 1, 2020, Defendant Patton interviewed Plaintiff about two pending grievances. (*Id.* at PageID.7.) Plaintiff informed Patton that he wanted to proceed to Step II on both grievances. The next day, he received a "CSJ-363,"

the prisoner program and work evaluation form, signed by Defendant Fernette and terminating his assignment as a P.O.A. as of May 16, 2020. (*Id.* at PageID.8, 23.)

In addition to money damages, Plaintiff seeks to be made whole by the removal of the work assignment evaluation which terminated him. (ECF No. 1, PageID.17.)

## II.   LEGAL STANDARD

### A. Screening requirements

A civil complaint filed by a prisoner proceeding *pro se* is subject to the screening requirements of 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Section 1915(e)(2) requires district courts to dismiss complaints that are frivolous, fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

A complaint is frivolous and subject to *sua sponte* dismissal under § 1915(e) if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). To determine whether a plaintiff has failed to state a claim, a court must "construe his complaint in the light most favorable to him, accept his factual allegations as true, and determine whether he can prove any set of facts that would entitle him to relief." *Wershe v. Combs*, 763 F.3d 500, 505 (6th Cir. 2014) (quoting *Harbin–Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005)).

### B. Pleading requirements

While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and legal conclusions. *Bell Atl. Corp. v.*

3

*Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

A *pro se* civil rights complaint is to be construed liberally. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Such complaints "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The Court must accept a plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Consistent with *Twombly* and *Iqbal*, the Sixth Circuit has observed that "[d]espite the leniency afforded to . . . *pro se* litigant[s], however, our

standard of review requires more than the bare assertion of legal conclusions, and thus the complaint 'must contain either direct or inferential allegations respecting all the material elements' to recover under some viable legal theory." *Barhite v. Caruso*, 377 F. App'x 508, 510 (6th Cir. 2010) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)). Neither the Supreme Court nor other courts "have been willing to abrogate basic pleading essentials in *pro se* suits." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (citing, *inter alia*, *Haines*, 404 U.S. at 521).

To state a civil rights claim under 42 U.S.C. § 1983, "a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (citation omitted). A plaintiff must allege "more than just mere negligence." *Fisher v. City of Memphis*, 234 F.3d 312, 317 (6th Cir. 2000) (citing *Collins v. City of Harker Heights*, 503 U.S. 115 (1992)) (other citation omitted). In addition, the plaintiff must allege that "the defendants were personally involved in the alleged deprivation of federal rights." *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (citing *Hall v. United States*, 704 F.2d 246, 251 (6th Cir.1983)). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676

### III. DISCUSSION

#### A. Defendant Chapman

Plaintiff fails to state a claim upon which relief may be granted against Defendant Warden Chapman. Plaintiff names Chapman in the case caption but does not list him

5

among the defendants in the body of the complaint. Plaintiff makes no allegation against Chapman in either his individual or official capacities, and attributes no policy or practice to him. As a result, Plaintiff has failed to allege Defendant Chapman had any personal involvement in the alleged deprivation of his civil rights. *Frazier*, 41 F. App'x at 764. Defendant Chapman will be dismissed.

### B. Defendants Brown, Fernette, Maul, and Patton

Claims against the other defendants may go forward on the issue of deliberate indifference to Plaintiff's right to a safe workplace and to retaliation for his use of the grievance process. His claim that his job was terminated as retaliation for his refusal to work will be dismissed.

The "humane conditions of confinement" required by the Eighth Amendment impose a duty on prison officials to "ensure that inmates receive adequate food, clothing, shelter, and medical care, and [to] take reasonable measures to guarantee the safety of the inmates." *Burrell v. Loungo*, 750 F. App'x 149, 157–58 (3d Cir. 2018), *reh'g denied* (Dec. 19, 2018), *cert. denied*, 139 S. Ct. 2640 (2019) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)) (other citation omitted). On the issue of workplace safety, "the Sixth Circuit has not addressed claims related to the hazardous working conditions of inmates, [but] other circuits have held that the Eighth Amendment is implicated when prisoners are forced to perform physical labor which is 'beyond their strength, endangers their lives, or causes undue pain.'" *Rayburn v. Blue*, 154 F. Supp. 3d 523, 532 (W.D. Ky. 2015) (citing *Howard v. King*, 707 F.2d 215, 219 (5th Cir.1983); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir.2006)) (other citation omitted).

The deliberate indifference test applies to inmates' claims of prison workplace hazards. *Kulkay v. Roy*, 847 F.3d 637, 645 (8th Cir. 2017); *see also Jackson v. Schultz*, No. 18-11140, 2018 WL 6985112, at *3 (E.D. Mich. Nov. 27, 2018)*, report and recommendation adopted*, 2019 WL 141529 (E.D. Mich. Jan. 9, 2019). The Sixth Circuit has held that the COVID-19 pandemic "easily satisfie[s]" the objective prong of the deliberate indifference test, which asks whether inmates are "'incarcerated under conditions posing a substantial risk of serious harm.'" *Wilson v. Williams*, 961 F.3d 829, 840 (6th Cir. 2020) (citing *Farmer*, 511 U.S. at 834). The subjective prong requires finding an official knew of and disregarded "an excessive risk to inmate health or safety.'" *Id.* (quoting *Farmer*, 511 U.S. at 837). Where the risk of harm is obvious, as is the case with COVID-19, "the existence of this subjective state of mind" may be inferred. *Id.* at 841 (quoting *Hope v. Pelzer*, 536 U.S. 730, 738 (2002)).

Taking Plaintiff's allegations as true and in a light most favorable to him, as the Court must at this stage, he has adequately alleged a substantial risk of serious harm, and that Defendants knew of and disregarded that risk by requiring him to work without PPE. In addition to the obviousness of the pandemic as observed in *Wilson*, *supra*, the Michigan Department of Corrections' own directives mandated the use of masks by both staff and inmates. *See* Director's Office Memorandum 2020-30, effective April 8, 2020, https://www.michigan.gov/documents/corrections/DOM_2020-30_686578_7.pdf (last accessed Nov. 11, 2020) ("At a minimum, all staff and prisoners shall *always* wear a mask.") (emphasis added); Director's Office Memorandum 2020-30R, effective May 13, 2020 (superseding DOM 2020-30), https://www.michigan.gov/documents/corrections/2020-30R_DOM_690533_7.pdf (last

accessed Nov. 11, 2020) (same). Plaintiff's claims regarding deliberate indifference to a substantial risk of COVID-19 in his work assignments may proceed.

Plaintiff's claim of retaliation for using the grievance process also survives screening. The "363" evaluation form, signed by Defendant Fernette, is dated May 16, 2020. Plaintiff worked on May 17 and again on June 28. Plaintiff alleges that he only received the form notifying him his position was terminated the day after his interview with Defendant Patton, in which he insisted on proceeding to Step II in the grievance process. (ECF No. 1, PageID.8.)

To establish a First Amendment retaliation claim, a plaintiff must allege that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). The first criterion is met, as inmates have "'an undisputed First Amendment right to file grievances against prison officials on [their] own behalf'." *Maben v. Thelen*, 887 F.3d 252, 264 (6th Cir. 2018), *reh'g denied* (Apr. 19, 2018) (citing *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000); *Violett v. Reynolds*, 76 F. App'x 24, 27 (6th Cir. 2003)).

Although "[a] prisoner has no constitutional right to prison employment or a particular prison job," *Jewell v. Leroux*, 20 F. App'x 375, 377 (6th Cir. 2001) (citation omitted), the Sixth Circuit has suggested that termination of prison employment may constitute adverse action in the context of a retaliation claim. *Walker v. Brewer*, No. 1:13-cv-349, 2014 WL 1117835, at *2 (W.D. Mich. Mar. 20, 2014) (citing *Pasley v. Conerly*, 345 F. App'x 981 (6th Cir. 2009); *Dobbins v. Craycraft*, 423 F. App'x 550 (6th Cir. 2011)).

8

Finally, Plaintiff has adequately alleged causation for the purposes of screening. Although dated May 16, 2020, the terminating evaluation was not provided to Plaintiff until the day after he sought to appeal two related grievances, in early July. In addition, Plaintiff was given work assignments after that purported termination date. Plaintiff's First Amendment retaliation claim over his use of the grievance process survives screening.

However, Plaintiff's refusal to work his assignment is not First Amendment protected conduct, so his retaliation claim on that basis fails. Retaliation against a plaintiff for non-protected conduct is reviewed against the "abuse of authority" standard. *Shehee v. Luttrell*, 199 F.3d 295, 301 (6th Cir. 1999). *Shehee* held that "[a]buse of authority is not a constitutional violation unless the behavior "shocks the conscience" or is an "egregious abuse of governmental power." *Id.* (citing *County of Sacramento v. Lewis*, 523 U.S. 833 (1998); *Thaddeus–X*, 175 F.3d at 387–88). Plaintiff's claims that he was terminated for refusing to work without personal protective equipment do not rise to "egregious" or nor do they "shock[] the conscience." This claim will be dismissed.

### C. Mental health services claim

Finally, Plaintiff complains that he wrote four kites to mental health between July 10 and 27, 2020, but did not receive a response from psychological case manager Ms. Owens (who he did not name as a defendant) until August 17, 2020. (ECF No. 1, PagID.18.) Plaintiff does not allege that Owens or any named defendant was deliberately indifferent to his serious mental health or other medical needs; nor does he indicate he suffered any injury from the delay in response. These allegations fail to state a claim upon which relief may be granted.

## IV. ORDER

Accordingly, the complaint is SUMMARILY DISMISSED with respect to Defendant Chapman. 28 U.S.C. §§ 1915(e)(2), 1915A(b). The complaint is also dismissed as to Plaintiff's claim of retaliation for refusal to work in the assigned area without personal protective equipment and any claims related to mental health services.

Plaintiff's remaining claims against the remaining Defendants are not subject to summary dismissal and may proceed.

**SO ORDERED**.

_____
NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

Dated: _____