UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BURRELL CLARK,

    Plaintiff,

v.

MS. BROWN, *et al.*,

    Defendants.

Case No. 20-12894

Honorable Nancy G. Edmunds

_____/

**OPINION AND ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S APRIL 16, 2021 REPORT AND RECOMMENDATION [29] AND DENYING DEFENDANTS' MOTION TO STAY [32]**

This is a pro se prisoner civil rights lawsuit filed under 42 U.S.C. § 1983 by Plaintiff Burrell Clark against Defendants, who are Michigan Department of Corrections employees. The only claims that survived initial screening stem from Plaintiff's allegations that Defendants were deliberately indifferent to his right to a safe workplace and that Defendants retaliated against him for his use of the grievance process. (ECF No. 6.) The matter is now before the Court on the Magistrate Judge's April 16, 2021 report and recommendation. (ECF No. 29.) The Magistrate Judge recommends granting Defendants' motion to dismiss. Plaintiff has filed sixteen objections to the report and recommendation. (ECF No. 31.) Defendants did not file a response to those objections but recently filed a motion to stay motion practice until the Court rules on the pending motion to dismiss as well as the report and recommendation. (ECF No. 32.) For the reasons stated below, the Court OVERRULES Plaintiff's objections and ACCEPTS AND ADOPTS the report and recommendation. The Court also DENIES Defendants' motion to stay as moot.

1

**I.     Standard of Review**

Under Federal Rule of Civil Procedure 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *See also* 28 U.S.C. § 636(b)(1).

**II.    Analysis**

Plaintiff's first objection is based upon the oft-repeated rule that pro se pleadings are to be construed liberally.  But pro se litigants must still adhere to basic pleading requirements.  *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).  And neither the Magistrate Judge's recommendation nor this Court's order is based upon the failure to follow any technical rules.  Plaintiff's first objection is therefore overruled.  Plaintiff's sixteenth objection is based upon a general assertion the record was not considered in its entirety.  The Court finds, however, that the report and recommendation carefully addresses the pleadings and the legal issues raised by the parties.  And because the Magistrate Judge recommends dismissal under Federal Rule of Civil Procedure 12(b)(6), there was no need to discuss Defendants' request for summary judgment, which was brought in the alternative.  Thus, Plaintiff's sixteenth objection is overruled.

The remaining objections relate to Plaintiff's claims but involve general disagreements with the Magistrate Judge's characterization of the record as well as her analysis of the legal issues. And in some instances Plaintiff reasserts the arguments he previously made before the Magistrate Judge.  "This Court is not obligated to address objections made in this form because the objections fail to identify the *specific* errors in

2

the magistrate judge's proposed recommendations, and such objections undermine the purpose of the Federal Magistrate's Act, which serves to reduce duplicative work and conserve judicial resources." *See Owens v. Comm'r of Soc. Sec.*, No. 1:12-CV-47, 2013 U.S. Dist. LEXIS 44411, at *8 (W.D. Mich. Mar. 28, 2013) (citations omitted). Nonetheless, the Court has conducted a de novo review of the record and agrees with the Magistrate Judge.

With regard to Plaintiff's deliberate indifference claim, the Court agrees that Plaintiff's factual allegations, even when accepted as true, do not state a claim upon which relief may be granted. Plaintiff cites to *Fruit v. Norris*, 905 F.2d 1147, 1150 (8th Cir. 1990), to argue prison work requirements can serve as the basis for an Eighth Amendment claim, but there the prisoners were ordered to work under allegedly unsafe conditions and later disciplined for refusing a direct order when they refused to do so, *id.* at 1148. Here, as the Magistrate Judge found, Plaintiff does not allege he was compelled to work anywhere at any time. And the tenet that a court must accept as true all allegations contained in the complaint is inapplicable to legal conclusions, such as Plaintiff's statement that prison officials were deliberately indifferent to his health and safety. Thus, Plaintiff's objections relating to his deliberate indifference claim—Objections 2, 4, 6, 7, 8, and 12—are overruled.

With regard to Plaintiff's retaliation claim, the Court agrees Plaintiff cannot satisfy the causation element of his claim because his first grievance was not received by prison officials until May 20, 2020 as indicated by the date-received stamp, (ECF No. 20-3, PageID.231), which was after he had both been recommended for termination and informed he was "laid in" on May 16, 2020 and May 18, 2020, respectively. *See*

*Thaddeus-X v. Blatter*, 175 F.3d 378, 387 n.3 (6th Cir. 1999) ("[T]he defendant must have known about the protected activity in order for it to have motivated the adverse action."). Thus, Plaintiff's objections relating to his retaliation claim—Objections 3, 5, 9, 10, 11, 13, 14, and 15—are overruled.

In sum, Plaintiff has failed to state a claim upon which relief may be granted and dismissal of both his deliberate indifference and retaliation claims is appropriate.

### III.     Defendants' Motion to Stay

Defendants' recent motion requests a stay on any further motions until the Court rules on the pending motion to dismiss and the report and recommendation.  Defendants state they bring this motion in response to a motion served upon them by Plaintiff in which he seeks an emergency preliminary injunction "enjoining defendant from using policy as a backdoor means of punishing plaintiff for engaging in protected conduct and issuing plaintiff false misconducts and attacking and attempting to alter his mental wellness." (ECF No. 32-1.)  Defendants argue a stay would be more judicially economical than fully briefing the motion for a preliminary injunction.

The Court first notes that as of the date of this opinion and order, Plaintiff's motion does not appear on the Court's docket.[1]  The Court's ruling here, however, renders any request for injunctive relief as well as Defendants' motion itself moot.  Thus, Defendants' motion to stay is denied as moot.

---

[1] A review of the copy of Plaintiff's motion submitted by Defendants reveals it is based on allegedly retaliatory conduct that took place in July 2021, approximately nine months after the filing of this suit.  As a general matter, however, a plaintiff may not seek injunctive relief based on conduct not mentioned in the original complaint.  *See Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010).

4

### IV.     Conclusion

For the foregoing reasons, the Court OVERRULES Plaintiff's objections and ACCEPTS AND ADOPTS the Magistrate Judge's report and recommendation (ECF No. 29). Accordingly, the Court GRANTS Defendants' motion to dismiss (ECF No. 20) and DENIES Defendants' motion to stay (ECF No. 32) as moot.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: August 24, 2021

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 24, 2021, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager