UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BURRELL CLARK,

    Plaintiff,                                            Case No. 20-12894

v.                                                        Honorable Nancy G. Edmunds

MS. BROWN, *et al.*,

    Defendants.

_____/

**ORDER DENYING PLAINTIFF'S MOTION TO FILE SUPPLEMENTAL COMPLAINT [36] AND DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [38]**

The matter is before the Court on Plaintiff Burrell Clark's motion to file a supplemental complaint as well as his motion for reconsideration of an order dismissing this pro se prisoner civil rights lawsuit brought under 42 U.S.C. § 1983 against Defendants, who are Michigan Department of Corrections employees. (ECF Nos. 36, 38.) For the reasons set forth below, the Court DENIES Plaintiff's motions.

**I.**      **Relevant Background**

On April 16, 2021, Magistrate Judge Patricia T. Morris issued a report and recommendation, recommending dismissal of this action. (ECF No. 29.) Plaintiff filed sixteen objections to that report and recommendation. (ECF No. 31.) On August 24, 2021, the Court issued an order overruling those objections and accepting and adopting the report and recommendation. (ECF No. 34.) The Court also entered judgment on the order and closed this case. (ECF NO. 35.) On that same day, Plaintiff's motion for emergency preliminary injunction was entered on the Court's docket. (ECF No. 33.) That motion was denied as moot in light of the order dismissing this case. At the time

the Court entered its order, it was aware of the motion for preliminary injunction due to one of Defendants' filings.  The Court noted that a review of the motion for preliminary injunction revealed it was based on allegedly retaliatory conduct that took place in July 2021, but a plaintiff may not seek injunctive relief based on conduct not mentioned in the original complaint.  Plaintiff's motion to file a supplemental complaint, which is presently before the Court, was entered on the Court's docket on September 7, 2021 but was filed on August 23, 2021—one day before the Court dismissed this case.  Plaintiff seeks leave to file a proposed supplemental complaint which includes allegations regarding the same conduct in July 2021 that was the subject of his motion for preliminary injunction.  (ECF Nos. 36, 37.)  Plaintiff also moves for reconsideration of the order dismissing this case. (ECF No. 38.)

## II.     Plaintiff's Motion to File a Supplemental Complaint

Plaintiff seeks leave to file a supplemental complaint to bring a retaliation claim based on a misconduct violation he was issued on July 29, 2021.  Under Federal Rule of Civil Procedure 15(d), "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  While a supplemental complaint covers post-suit conduct, the "pleading cannot be used to introduce a separate, distinct and new cause of action." *Coleman v. Gullet*, No. 12-10099, 2013 U.S. Dist. LEXIS 110276, at *14 (E.D. Mich. Aug. 6, 2013) (internal quotation marks and citation omitted).  "Instead, there must be some relationship or linkage between the claims asserted in the original complaint and the supplemental claims." *Id.*  Leave to supplement is left to a district court's "broad discretion." *Id.*  In exercising this discretion,

the court may consider whether the motion to supplement is brought in bad faith or for dilatory purposes, may result in undue delay or prejudice to the opposing party, or would be futile. See *Alexander v. Calzetta*, No. 2:16-CV-13293, 2018 U.S. Dist. LEXIS 59668, at *6 (E.D. Mich. Apr. 9, 2018) (citations omitted).

Here, Plaintiff seeks leave to file a new retaliation claim. But even if there is a sufficient relationship between Plaintiff's original deliberate indifference and retaliation claims and the retaliation claim in the supplemental complaint, the Court finds "it would be fairer and more orderly" if Plaintiff were to raise his new claim in another lawsuit. See *id.* at *7. This is especially true because Plaintiff's motion was filed on the eve of dismissal and this case is now closed. Thus, the Court denies Plaintiff leave to file his supplemental complaint.

### III.   Plaintiff's Motion for Reconsideration

Plaintiff also seeks reconsideration of the order dismissing this case. Under Eastern District of Michigan Local Rule 7.1(h)(1), a party may move for reconsideration of an order within fourteen days of the order's issuance. For the motion to succeed, the movant "must not only demonstrate a palpable defect by which the Court and the parties . . . have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3). A court generally will not grant a motion for reconsideration that "merely present[s] the same issues ruled upon by the Court, either expressly or by reasonable implication." *Id.*

Plaintiff first takes issue with the Court's statement that there was no need for the Magistrate Judge to discuss Defendants' alternative request for summary judgment because she recommended dismissal under Federal Rule of Civil Procedure 12(b)(6).

3

While Defendants had presented materials outside of the pleadings, the Magistrate Judge and the Court did not rely on those materials, so there was no need to convert the motion to dismiss to a motion for summary judgment or give Plaintiff an opportunity to present his own evidence.

Plaintiff next argues there is no requirement that he be compelled to work before bringing a deliberate indifference claim. However, even if Plaintiff is correct that compulsion is generally not a necessary element, deliberate indifference involves prison officials acting or failing to act despite their knowledge of a substantial risk of serious harm. *See Wilson v. Williams*, 961 F.3d 829, 840 (6th Cir. 2020). Here, Plaintiff alleges he refused to work in the area he considered unsafe, so he was admittedly not exposed to any risk of serious harm. Thus, Plaintiff did not state a claim under the Eighth Amendment.

Finally, Plaintiff takes issue with the Court's finding that Plaintiff could not satisfy the causation element of his retaliation claim. In so finding, the Court had noted that Plaintiff's first grievance was not received by prison officials until May 20, 2020 as indicated by the date-received stamp, which was after he had both been recommended for termination and informed he was "laid in" on May 16, 2020 and May 18, 2020, respectively. (*See* ECF No. 34, PageID.472.) Plaintiff does not point to any error in this reasoning but instead argues protected activity took place prior to the adverse actions when he made an oral complaint on May 10, 2020.[1] In the complaint initiating this lawsuit, Plaintiff merely states that he refused to report to work on May 10 due to his safety

---

[1] The Court notes Plaintiff did not raise this argument in his objections to the report and recommendation.

4

concerns.  (*See* ECF No. 1, PageID.7.)  But this Court had already dismissed the retaliation claim stemming from Plaintiff's refusal to report to his voluntary work assignment, recognizing this is not First Amendment protected conduct, in an earlier order issued at the outset of this case.  (*See* ECF No. 6, PageID.111.)  Indeed, Plaintiff cites to *Maben v. Thelen*, 887 F.3d 252 (6th Cir. 2018), in support of his assertion that oral complaints may constitute protected activity, but there the prisoner had complained to a line worker, a cafeteria worker, and a supervisor about the adequacy of his food portion, which the Sixth Circuit described as "one of the major requirements of life," *id.* at 264-65.

In sum, Plaintiff has not shown a palpable defect by which the Court and the parties have been misled.  The Court therefore denies Plaintiff's motion for reconsideration of the order dismissing this case.

## IV.    Conclusion

For the foregoing reasons, Plaintiff's motion to file a supplemental complaint is DENIED, and Plaintiff's motion for reconsideration is DENIED.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: October 4, 2021

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 4, 2021, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager

5